KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
DALE F. KINSELLA (SBN 063370)
  dkinsella@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
GREGORY GABRIEL (SBN 239902)
  ggabriel@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Plaintiff
VIVENDI S.A.

**NOTE CHANGE MADE BY THE COURT**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VIVENDI S.A., a French corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>AXA INSURANCE COMPANY, a New York corporation,<br><br>            Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. CV09-8893 DDP (PLAx)<br><br>**ORDER RE STIPULATED PROTECTIVE ORDER**<br><br>Filing Date: December 3, 2009<br>Trial Date:   October 11, 2011 |

10374.00002/54620.1

[PROPOSED] ORDER

1. Having reviewed the Stipulated Protective Order filed jointly by Vivendi S.A.
2. and AXA Insurance Company, a copy of which is attached hereto, and good cause
3. appearing therefor, the Court hereby enters the Stipulated Protective Order.
4.
5.    IT SO ORDERED:
6.
7. DATED: September 2, 2010  _____
8.          Paul L. Abrams
         UNITED STATES MAGISTRATE JUDGE

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

10374.00002/54620.1

2

[PROPOSED] ORDER

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
DALE F. KINSELLA (SBN 063370)
  dkinsella@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
GREGORY GABRIEL (SBN 239902)
  ggabriel@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Plaintiff
VIVENDI S.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VIVENDI S.A., a French corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>AXA INSURANCE COMPANY, a New York corporation,<br><br>         Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. CV09-8893 DDP (PLAx)<br><br>**STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION**<br><br>Filing Date:  December 3, 2009<br>Trial Date:   October 11, 2011 |

10374.00002/54620.1

STIPULATED PROTECTIVE ORDER

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

**GOOD CAUSE STATEMENT**:

Discovery in this lawsuit will involve the production of highly sensitive financial and business information, as well as proprietary information, that has not been disseminated to the public at large, that is not readily discoverable by competitors of the parties to this litigation, and that has been the subject of reasonable efforts by the respective parties to maintain its secrecy.  Special protection from the public disclosure of this confidential, proprietary information is warranted in order to prevent the use of such information for purposes not related to this litigation.  Such proprietary information includes: (1) documents regarding the underwriting of a multi-million dollar insurance policy for plaintiff Vivendi S.A. ("Plaintiff"), including the confidential terms of such policy and numerous confidential disclosures and communications made by Plaintiff in connection with the underwriting of that policy; (2) information regarding worldwide assets held by Plaintiff, including information concerning the acquisition and estimated value of music recordings and associated rights, which is not available to Plaintiff's competitors; (3) information regarding prior confidential insurance claims made by Plaintiff; (4) the confidential underwriting process employed by defendant AXA Insurance Company ("Defendant"), and its sister company, AXA Corporate Solutions ("AXA CS"), including its underwriters' analysis for proposal and renewal compliance with underwriting guidelines; (5) proprietary methods by which Defendant and AXA CS calculate premiums charged to their clients, including their rate structure and rating tools; (6) Defendant and AXA CS's confidential underwriting guidelines and policies, which if disclosed would provide Defendant's and its sister company, AXA CS's competitors a competitive advantage; (7) reinsurance policies and treaties which have been developed over years of negotiation and are strictly confidential, even amongst Defendant's and AXA CS's

employees; (8) Defendant and AXA CS's engineering analysis tools; and (9) Defendant and AXA CS's insurance network agreements.

The public disclosure of Plaintiff's confidential information would impair future business dealings and provide competitors with an unfair competitive advantage. Among other things, the disclosure of Plaintiff's confidential information concerning its acquisition and valuation of assets, including music recordings and music catalogs, is likely to prejudice its ability to negotiate agreements for the sale, distribution, and/or exploitation of those assets. Similarly, the disclosure of Plaintiff's confidential information is likely to prejudice its negotiation of new agreements regarding the acquisition, distribution, and/or exploitation of music recordings.

Disclosure of Defendant and AXA CS's confidential information set forth above would result in a loss of competitive advantage and risk of unfair competition because competitors would know details regarding Defendant and its sister company AXA CS's underwriting policy and pricing methods while Defendant would not be in possession of similar information regarding the underwriting and pricing policies of its competitors. This would provide Defendant and AXA CS's competitors with a distinct advantage in the case of tendering insurance policies. Furthermore, regulatory authorities do not allow insurers to disclose to each other their rates. Defendant and AXA CS's clients may also use such information to challenge the amount and calculation of premiums. In addition, insurance brokers generally ask for quotations from a number of insurers and knowledge of Defendant and AXA CS's underwriting guidelines would allow such brokers to destroy the binding process. Finally, each of Defendant and AXA CS's treaties and facultative placement has its own rates. Disclosure of this information would damage Defendant and AXA CS's ability to negotiate treaty and facultative rates.

Given the foregoing, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this

Stipulated Protective Order creates no entitlement to file confidential information under seal, unless ordered by the Court.

PROTECTIVE ORDER:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the forms, processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, or involving underwriting policies, premium calculations, or the disclosure of any other information which may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. Any electronically stored information produced on magnetic disks or other computer-related media may be designated as Confidential by labeling each disk or media as "CONFIDENTIAL" prior to production. Electronic or native documents or information shall be similarly labeled where practicable, and

where not practicable, written notification by a producing party that it is producing materials as confidential shall suffice for treatment as provided herein for such categories.

3.  The inadvertent or unintentional disclosure by the producing party of Confidential materials shall not be deemed a waiver, in whole or in part, of the Confidential nature of such material, and, if so designated at any time, the Confidential materials so disclosed shall be governed by, and subject to, the terms of this Order.

4.  Deposition testimony may be designated Confidential by oral designation on the record, or within twenty (20) days after the transcript of such deposition is made available to the designating party. The person making the designation shall instruct the court reporter to separately bind the portions of the deposition transcript so designated, and to stamp the words "CONFIDENTIAL" on each page of the transcript as appropriate. Pending expiration of this twenty (20) day period, all parties shall treat the testimony and exhibits as if such materials had been designated as Confidential.

5.  Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (hereinafter "Confidential Material") shall be used by the receiving party only for the purpose of prosecution, defense, or settlement of this action, and for no other purpose.

6.  Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to outside and in-house counsel for a party (including paralegal, clerical, and secretarial staff employed by such counsel) and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) an officer, director, or employee of AXA Corporate Solutions

1 deemed necessary by counsel to aid in the prosecution, defense or settlement of this
2 action;
3        (c)    experts or consultants (together with their clerical staff) retained
4 by such counsel to assist in the prosecution, defense, or settlement of this action;
5        (d)    court reporter(s) employed in this action;
6        (e)    a witness at any deposition or other proceeding in this action,
7 provided that the deposing party has a good faith basis for believing that the
8 Confidential Material is reasonably related to the witness's testimony; and
9        (f)    any other person as to whom the parties in writing agree.
10        Prior to receiving any Confidential Material, any expert or consultant of
11 any party shall be provided with a copy of this Order and shall execute a
12 nondisclosure agreement in the form of Attachment A.  Counsel for the parties shall
13 maintain copies of all such nondisclosure agreements and shall provide copies to
14 each other party upon request at the conclusion of the action.
15        For purposes of this Order, the term "party" shall be construed to include
16 Vivendi S.A. subsidiary UMG Recordings, Inc.
17    7.    Depositions shall be taken only in the presence of qualified persons.
18    8.    The parties may further designate certain discovery material or
19 testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL -
20 ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only Material"), in
21 the manner described in paragraphs 2-4 above.  The parties will designate as
22 Attorneys' Eyes Only Material only those materials which they believe, in good
23 faith, are of such a highly sensitive nature that disclosure should be limited to a
24 narrower group of people, including but not limited to materials containing trade
25 secrets, future business plans, non-public proprietary product development
26 information, financial information not released or announced to the public, and
27 information protected by any right of privacy.  Attorneys' Eyes Only Material, and
28 the information contained therein, shall be disclosed only to the Court, to the parties'

**KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP**
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

outside and in-house counsel (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 6(c) through (e) above, but shall not otherwise be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered.  If disclosure of Attorneys' Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

9. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

10. Any pleadings, documents, materials or exhibits using, referring to or incorporating Confidential or Attorneys' Eyes Only Material which are submitted to the Court for consideration in relation to a motion or other filing shall be lodged with the Clerk of the Court in a sealed envelope designated "Confidential - Subject to Protective Order" on its face.  Concurrent with the lodging of such documents, the lodging party shall file an application to file the documents under seal, setting forth an appropriate legal basis (e.g., good cause, compelling reason, etc.) for sealing the documents from the public record.  The party shall also lodge a narrowly-tailored proposed order sealing the documents.  Concurrent with the lodging of such documents, the lodging party shall, to the extent practical, file a redacted version of any pleadings that contain information the Party believes to be Confidential and/or Attorneys' Eyes Only.  A designating party may waive the status of Confidential or Attorneys' Eyes Only Material at any time by electing to file such documents without sealing.

11. Nothing in this Order (a) restricts the introduction at trial of any documents, testimony, or other evidence regardless of whether such evidence is designated Confidential; or (b) restricts the use of information obtained from sources other than discovery, motion practice, or voluntary disclosure of information

1 by any Party conducted under the terms of this Order

2   12.   This Order shall be without prejudice to the right of the parties to bring before the Court at any time the question of whether any particular document or information is Confidential or whether its use should be restricted.  In the event of a dispute regarding the designation or disclosure of confidential information, the parties shall follow the procedure for obtaining a decision from the Court set forth in Local Rule 37.  If the parties desire to file the Joint Stipulation required by Local Rule 37 under seal, the parties shall file a stipulation to that effect or submit an ex parte application making the appropriate request, both of which shall include a good cause statement regarding why the Joint Stipulation or portions thereof should be filed under seal.

   13.   This Order shall be without prejudice to the right of the parties to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modifications of this Order.

   14.   This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order, nor the production of material in accordance herewith, shall constitute an admission or waiver by any party as to the confidentiality or non-confidentiality of such material outside the scope of this action.

   15.   To the extent that the information contained in Confidential Material is not, and does not become, known to the public (through its introduction at trial or otherwise), this Order shall survive the final termination of this action,  . Unless the parties agree otherwise in writing, within sixty (60) days of the conclusion of this litigation, whether by settlement or final, non-appealable decision of the Court, the parties, counsel for the parties, and all other persons **other than the Court** who are

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1 in possession of Confidential Material or Attorneys' Eyes Only Material agree that
2 they will (a) destroy or return to the producing party or third party all hard copy
3 documents, other than attorney work product, containing designated Confidential or
4 Attorneys' Eyes Only Material produced by a party or third party; and (b) delete all
5 electronically stored documents, other than attorney work product, containing
6 designated Confidential or Attorneys' Eyes Only Material produced by a party or
7 third party.  Notwithstanding the foregoing, the parties shall not be obligated under
8 this Order to ensure the destruction of any copies of electronically-stored
9 Confidential or Attorneys' Eyes Only Material made by the automatic processes of
10 their computer systems, including but not limited to any such copies that may reside
11 on their servers and/or backup tapes.

12   SO STIPULATED:

14 DATED: September 1, 2010        KINSELLA WEITZMAN ISER KUMP &
                                  ALDISERT LLP

17                                By: /s/ Gregory Korn
                                      Gregory Korn
18                                    Attorneys for Plaintiff VIVENDI S.A.

20 DATED: September 1, 2010        MCKAY, GRAHAM & DE LORIMIER

22                                By: /s/ John P. McKay
23                                    John P. McKay
                                      Attorneys for Defendant AXA
24                                    IINSURANCE COMPANY

10374.00002/54620.110374.00002/54620.1

8
STIPULATED PROTECTIVE ORDER

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  APPROVED AND SO ORDERED:

2

3  DATED: _____, 2010        _____
                                     Paul L. Abrams
4                                    UNITED STATES MAGISTRATE JUDGE

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

10374.00002/54620.110374.00002/54620.1            9
                    STIPULATED PROTECTIVE ORDER

# ATTACHMENT A

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective entered in *Vivendi, S.A. v. AXA Insurance Company*, United States Court for the Central District of California, Civil Action No. CV09-8893 DDP (PLAx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court. I hereby consent to the jurisdiction of said Court for the purposes of enforcing this order.

DATED: _____        _____

Kinsella Weitzman Iser Kump & Aldisert LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

10374.00002/54620.110374.00002/54620.1

10

STIPULATED PROTECTIVE ORDER